# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| AUBREY MUEX, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:07-CV-98 CAS |
| SCOTT COUNTY, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff Aubrey Muex, Jr., for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff was a pretrial detainee at the Scott County Jail when he filed this action on July 2, 2007. On July 18, 2007, he notified the Court that he has been released on bond. To date, plaintiff has not submitted a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint, see 28 U.S.C. § 1915(a)(1),(2); however, because plaintiff is no longer incarcerated at the Scott County Jail, and because this action will be dismissed as legally frivolous, the Court will not order him to submit an inmate account statement or assess an initial partial filing fee.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He seeks monetary relief and "immediate release" against defendant Scott County on the ground that his speedy trial rights were violated because he was "being held without trial." Plaintiff has advised the Court that on July 13, 2007, he was released on bond.

Having carefully reviewed the complaint, the Court concludes that plaintiff's allegations against defendant Scott County are legally frivolous and fail to state a claim or cause of action. A county is subject to liability under § 1983 only if the alleged constitutional deprivation is the result of an official policy or custom of the county. See Monell v. Department of Social Serv., 436 U.S. 658, 691 (1978). Plaintiff alleges no facts relative to policy or custom.

Moreover, "habeas corpus is the appropriate remedy for . . . prisoners attacking the validity of the fact or length of their confinement." Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Thus, to the extent that plaintiff is seeking release from his present bond status, his federal-court recourse is to file a habeas corpus action, after first exhausting all available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED.** [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of August, 2007.